## Ezra K. Parker *vs.* Superior Court.

### MARCH 30, 1917.

Present: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*( 1 ) Process. Motions. Removal.*

The record of a cause as it proceeds should be made up by the clerk of the Superior Court for the county in which the cause, in accordance with the statute, has been brought, and all papers to be filed in the proceeding should be filed with him, and while the court may, under Gen. Laws, 1909, cap. 273, § 12, order papers in a cause to be sent from one county to another, the fact of such order and transmission alone does not change the status of a cause and permit a motion to be filed elsewhere than in the office of the clerk for the county where the cause has been brought.

*( 2 ) Motions. Removal. Place of Filing.*

Gen. Laws, 1909, cap. 287, § 8, providing that motions " arising in Newport, Kent, or Washington counties may, when the court is not sitting in said county, be heard and disposed of in Providence," does not permit the filing of a motion with the clerk for the counties of Providence and Bristol in a cause originally entered in the county of Kent.

*( 3 ) Certiorari.*

Ordinarily, in certiorari, the court will consider and correct final determinations merely, and those only in cases where no other remedy is expressly provided, and where provision is made for appeals from certain

interlocutory decrees, and from final decrees, in equity causes, it is only in cases of unusual hardship that certiorari will be permitted to supplement the statutory method of review.

(4) *Certiorari. Formal Error.*

Certiorari cannot be employed to correct error that is technical or formal, or which has caused no substantial injury to the petitioner.

(5) *Certiorari.*

Certiorari is a prerogative writ, and its issuance, and the relief to be granted under it, are discretionary.

(6) *Certiorari.*

Certiorari will not lie to quash a record, where the court entered a decree appointing a master to frame issues, on a motion filed improperly in Providence county which should have been filed in Kent county, where no right of the respondent is concluded thereby, and the complainant could renew the motion in the proper county, and the justice might on request hear such motion in Providence when the court was not sitting in Kent, and might again appoint a master to frame issues, and because the cause is one involving title to real estate in Kent county, the procedure is not different from that in other causes.

CERTIORARI. Heard and writ dismissed.

SWEETLAND, J. This is a petition for a writ of certiorari to be directed to the Superior Court, ordering said court to certify for our inspection its record relating to the entry of a certain interlocutory decree in the cause in equity, entitled *Mary H. Steere* v. *Ezra K. Parker,* now pending in said Superior Court, to the end that said record may be quashed as illegal. A writ of certiorari has been issued as prayed for and said record has been certified to us.

Said cause in equity in accordance with law was brought in the Superior Court for the County of Kent and was duly entered by filing the bill of complaint in the office of the clerk of said court. On January 19, 1917, a justice of the Superior Court ordered the clerk of the Superior Court for the County of Kent to transmit the papers in said cause to the clerk of the Superior Court for the counties of Providence and Bristol. The reason for said order does not appear. On January 23, 1917,

the complainant filed her motion in the office of the clerk of the Superior Court for the counties of Providence and Bristol, asking that said cause be set down for the framing of issues of fact.    On February 17, 1917, at Providence, said motion was heard before a justice of the Superior Court and said justice ordered the entry of a decree appointing a master to frame issues of fact.    The respondent objected to said action on the ground that the motion was not properly filed in Providence and that said justice was without jurisdiction in the premises.    The respondent now asks this court, on review in certiorari, to quash the record of said order and decree.

By law the Superior Court holds its sessions at certain times and places within and for each of the different counties of the State, save that it holds sessions at Providence for the counties of Providence and Bristol.    Said court has a separate seal in each of the counties of Providence, Newport, Kent and Washington.    There is a clerk of said court for the counties of Providence and Bristol and a clerk of said court for each of the other counties of the State.    Each of said clerks has an office and is required to keep minutes and records of all matters relating to causes and proceedings pending before said court in their respective counties.    Unless there has been the removal of a proceeding from one county to another, in accordance with the statute, for the purpose of obtaining a fair and impartial trial in such proceeding, we find it to be the intent of the statute and essential to orderly practice that process in the Superior Court should be made returnable to that court in the county where the proceeding, to which the process relates, has been brought; and that pleadings, motions and papers to be filed in a cause should be filed in the office of the clerk of said court for the county in which said cause has been (1) brought.    The statute required that the suit in equity now under consideration should be brought in the Supe-

rior Court for the County of Kent and it is pending in the court for said county. The record of said cause as it proceeds should be made up by the clerk of the court for that county. It is essential to the completeness of the record, as the orderly history of the cause, that all papers to be filed in the proceeding should be filed with him. It is from the record in his office that the parties are to learn of the travel of the proceeding. The Superior Court may, under the provisions of Section 12, Chapter 273, General Laws of 1909, order the papers in any cause to be sent from one county to another. The fact of such order and transmission alone, however, does not change the status of a cause as one pending in the county in which it was entered. The order of the Superior Court made on January 19, 1917, that the papers in the suit in question should be transmitted to Providence, and the presence of the papers there, did not warrant the filing of said motion in the clerk's office in Providence on January 23, 1917. We are, therefore, of the opinion that said motion was not properly in the cause, and that there was no matter before said justice in Providence at the time he ordered the entry of the decree in question. For convenience and for the purpose of expediting causes the statute provides, Section 8, Chapter 287, General Laws, 1909, that, among other matters, motions " arising in (2) Newport, Kent or Washington county, may, when the court is not sitting in said county, be heard and disposed of in Providence." This provision, however, does not warrant the filing of said motions with the clerk of the Superior Court for the counties of Providence and Bristol.

Although we have reached the foregoing conclusion upon the question of procedure we are nevertheless of the opinion that under our practice in certiorari a judgment should not be entered quashing the record in question. Ordinarily in certiorari this court will consider and cor-

rect final determinations merely, and those only in cases where no other remedy is expressly provided. In *Hyde* v. *Superior Court,* 28 R. I. 204, this court in certiorari did under its broad revisory power correct " errors and abuses " contained in an interlocutory decree, on the (3) ground that in that case the statutory remedy by appeal from final decree was manifestly inadequate, and great injury would result from delay until a final disposition of the cause. The matter before us does not present such circumstances. Our law provides for appeals from certain interlocutory decrees and from final decrees of the Superior Court in equity causes and it is only in cases of unusual hardship, as appeared in the *Hyde* case, that we will permit the use of the writ of certiorari for the purpose of supplementing the method of review provided by statute. In *Cohen* v. *Superior Court,* 39 R. I. 272, we have stated as a general rule in certiorari that: " the office of the writ has been somewhat extended in this State by statute and by the decisions of this court for the purpose of carrying out the revisory and appellate power conferred on this court by the constitution; but the scope of the writ has never been extended to the consideration of alleged error, for the correction of which other remedy is expressly provided." Furthermore, certiorari will not be employed by us to correct error that is technical (4) or formal or which has caused no substantial injury to the petitioner. The petitioner contends that if we find that the motion was not properly made in Providence, we must find that the justice of the Superior Court was acting without jurisdiction and we must quash said record. With us certiorari is a prerogative writ and its issuance (5) and the relief to be granted under it are discretionary. The cause in question appears to have been ready for the framing of issues. The justice of the Superior Court when requested might frame such issues himself or by a reference obtain the assistance of a master. The issues

framed by the master are open to exception and do not become the issues in the cause until approved by a justice of the Superior Court. The action of the court complained of concludes no right of the petitioner. If we (6) should quash said record the complainant in the equity cause could renew his motion in Kent County, the justice of the Superior Court might on request hear said motion in Providence when the court was not sitting in Kent, and might again appoint a master to frame issues of fact.

There is no force in the contention of the petitioner that because the suit in question is one involving title to real estate situated in Kent County the procedure therein differs from that in other causes.

The writ of certiorari is dismissed. The record and papers in *Steere* v. *Parker,* sent to us by the Superior Court, are remitted to said court for the County of Kent.

*W. Louis Frost,* for petitioner.

*Dubois & Dubois,* for respondent.