EVERETT E. TILLINGHAST *et al. vs.* DORA M. MAGGS *et al.*

FEBRUARY 15, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review the superior court's denial of petitioners' motion to amend their declaration in the above-entitled action at law. We allowed the petition to be filed but we ordered petitioners to show cause why the writ of certiorari should issue for such purpose. The defendant in the action, Dora M. Maggs, and the clerk of the superior court for Washington county where the action is pending, both named in the petition as respondents, were notified to appear and, if they so desired, show cause to the contrary. The respondent clerk · waived actual service of the writ of certiorari upon him and transmitted to this court the full record of the pending action for our consideration. Respondent Maggs appeared and moved to dismiss the petition on the ground that petitioners had an adequate remedy by bill of exceptions.

On the view which we take, it will not be necessary to consider the merits of the petition. It appears from the allegations therein and from the briefs and arguments thereon that petitioners had brought an action of trespass on the case against Dora M. Maggs to recover damages ' for the death of their son in an accident on a public highway in the state of Connecticut. In their declaration they alleged that they were the next of kin of the deceased and that a right of action had accrued to them under the so-

called death by wrongful act statute of Rhode Island, general laws 1938, chapter 477, §1.

It further appears that a jury trial on such declaration had resulted in a disagreement and that thereafter and after the statute of limitations had run petitioners moved in the superior court for leave to file an amended declaration in which they alleged themselves to be the legal representatives of the deceased and that, under the law of Connecticut, a right of action for the death of the deceased had accrued to them. Their motion was denied on the ground that the filing of such a declaration would be tantamount to the commencement, after the statute of limitations had run, of a new action based on a different cause of action. Petitioners duly excepted to such ruling, but did not thereafter prosecute their action based on the original declaration to a final decision. Instead they filed their present petition in this court seeking thereby to obtain an immediate review of the denial of their motion to amend. Apparently they assumed that an exception to such denial did not lie and therefore would not be passed upon if included in a bill of exceptions after a final decision in the superior court.

That assumption is not well founded. This court has on several occasions passed upon an exception duly taken to such a ruling where it was included in a bill of exceptions containing another exception to a final decision of the superior court. *Sheldon* v. *Westcott,* 67 R. I. 480; *Plaine* v. *Samdperil,* 54 R. I. 214; *Flint Motor Sales, Inc.* v. *Crofton,* 54 R. I. 160. However, to be entitled to consideration such an exception must be grounded upon an alleged abuse of discretion by the trial justice in granting or denying the motion to amend. In the circumstances appearing in the above-cited cases we deem the rule laid down in *Hebert* v. *Handy,* 28 R. I. 317, not applicable. There it was stated that an exception does not lie to the granting or denying of a motion to amend pleadings. In the case at bar petitioners may promptly proceed to a final decision under their declaration as originally filed and if it is adverse to

them they may except thereto. They may then prosecute to this court a bill of exceptions containing such exception and the exception to the denial of their motion to amend which was noted on the record by the superior court.

From a consideration of the petition we are of the opinion that there are no special circumstances present in the case at bar which would warrant us in exercising our discretion to allow an immediate review by certiorari notwithstanding the existence of the remedy for review above described. It is true that on occasion we have reviewed by certiorari a ruling of the superior court granting a motion to amend but only because we were of the opinion that special circumstances justified such extraordinary relief. *Brickle* v. *Quinn,* 63 R. I. 120; *Atlantic Mills* v. *Superior Court,* 32 R. I. 285.

In each of the last-cited cases the superior court, over the objection of the defendant, *allowed* an amended declaration to be filed. The case at bar is unlike either of those cases. Here the petitioners' motion to amend their declaration was *denied* and exception to such denial was duly taken. If they contended as they now do that such denial constituted in the circumstances an abuse of discretion they could bring the case here by a bill of exceptions by following the procedure adopted in *Plaine* v. *Samdperil* and *Flint Motor Sales, Inc.* v. *Crofton, supra.* Such an opportunity to obtain a review of the action of the trial justice on the original declaration was not open to the defendant in either the *Brickle* case or the *Atlantic Mills* case, as a bill of exceptions could have been brought only after a final decision in a trial on the merits under the amended declaration, and not under the original declaration. Consequently in each of those cases this court was persuaded in the first instance that an immediate review by certiorari of the alleged abuse of discretion by the superior court was desirable, although in each case we later abated or quashed the writ in favor of the respondent therein.

We are of the opinion, therefore, that the petitioners here have an adequate remedy by bill of exceptions of

which they may readily avail themselves and thereby obtain a review of the alleged abuse of discretion by the superior court. Hence no cause appears for permitting a review by the extraordinary writ of certiorari.

The respondent's motion to dismiss is granted, the petition is denied and dismissed, and the papers previously transmitted to this court are ordered returned to the clerk of the superior court for Washington county.

*Frank S. Cappuccio,* for petitioners.

*William A. Gunning,* for respondent Dora M. Maggs.