MUTUEL CLERKS' GUILD OF RHODE ISLAND *et al. vs.* PARI MUTUAL EMPLOYEES UNION OF BUILDING SERVICE INTERNATIONAL UNION, A.F.L.-C.I.O., *et al.*

JUNE 8, 1956.

PRESENT: Flynn, C. J., Roberts, Andrews and Paolino, JJ.

260

FLYNN, C. J. This petition for a writ of certiorari was brought to review an interlocutory decree of the superior court denying a preliminary injunction in connection with a certain labor contract. The writ was issued on the basis of allegations in the petition which seemed to indicate that no labor dispute was involved and that the petitioners had no other adequate remedy, thus suggesting the need of an immediate review of such interlocutory decree to prevent irreparable loss and injury. The case is now before us on several motions.

The petitioners have moved that the decree in question, refusing to grant a temporary injunction against respondents, be vacated and that the restraining order, which was originally entered by the superior court *ex parte,* be reinstated pending our determination of the instant petition. On the other hand the respondents have filed separate motions to dismiss the petition and to quash the writ of certiorari on several grounds that are substantially common to all those motions.

One of such grounds is to the effect that the executive committees of the two petitioning labor unions have voted to terminate the pending court litigation. In support thereof they have filed affidavits executed by ten of the eleven members of such executive committees. The affidavits state in substance that those committees voted at a special meeting on March 28, 1956 to terminate further litigation of this case in the courts.

Up to the time of the instant hearing the petitioners, though aware of these affidavits, had not filed any counter affidavit to dispute the facts therein asserted. Indeed, for the first time and at the close of their argument they re-

quested leave to file a replying affidavit of the president of both petitioning unions. It was not disputed that he was the eleventh member of said executive committees. However, his affidavit is in general terms, based in part on hearsay, and is somewhat equivocal.

In our opinion this affidavit was not filed in the time prescribed by Rule 14 of Rules of Practice of the Supreme Court. However, even if we consider that it was so filed, it does not meet and overcome the specific assertions of all the other members of those committees that on a specified date they voted to terminate the instant litigation in this court. That vote is not expressly contradicted by allegation or evidence of any contrary record of the meeting. In the circumstances we are of the opinion that further consideration and determination of the instant petition would not be justified in opposition to the express vote of an overwhelming majority of the members of the executive committees of the two petitioning unions. Their authority is nowhere disputed.

Moreover, it now appears from undisputed facts that the cause comes either within the purview of public laws 1951, chapter 2748, relating to the employment of injunctions in cases involving a labor dispute, or is within the practice governing a proceeding in equity wherein temporary injunctive relief has been sought and denied. In either case, according to respondents' further contentions in their motions, petitioners must establish and satisfy certain conditions precedent before we should entertain the petition.

In our judgment, even if we assume that petitioners had established the existence of a valid contract, although the trial justice found otherwise on the evidence, they have not shown sufficiently in the superior court or here that in the circumstances they are without an adequate remedy by proceeding at law or to a final decree and appeal. Nor have they established that they will suffer irreparable injury unless the decree is reviewed and relief is granted immediately. These two requirements are included as part of the

prescribed conditions to the court's jurisdiction to grant an injunction under P. L. 1951, chap. 2748, and they also are necessary under the practice in this court in order to warrant a review by certiorari of an interlocutory decree of this kind. See *Hyde* v. *Superior Court,* 28 R. I. 204, 212; *Parker* v. *Superior Court,* 40 R. I. 214; *Tillinghast* v. *Maggs,* 76 R. I. 401. Certain undisputed facts, which appeared for the first time at the instant hearing, make it clear that petitioners have not satisfied these essential conditions. Indeed, if all the facts which are now disclosed had been made known in the petition, we would not have exercised our discretion by issuing the writ in the first instance.

The petitioners' motion to vacate the decree and to reinstate the restraining order is denied, the motions of the respondents to dismiss the petition and to quash the writ are granted, the writ heretofore issued is quashed, and the papers in the case are ordered sent back to the superior court for further proceedings.

*John Quattrocchi, Jr.,* for petitioners.

*William J. Sheehan, Dick & Carty, Raymond J. Mc-Mahon, Harry J. Smith,* respectively, for the different respondents.