WHAT CHEER ALUMINUM WINDOW CO., INC. *vs.*
MARC-STERLING REALTY CORP. *et al.*
WHAT CHEER ALUMINUM WINDOW CO., INC. *vs.*
KATHLEEN-MARK INVESTMENTS, INC. *et al.*

JULY 7, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari directed to the clerk of the superior court for the counties of Providence and Bristol to certify the above-entitled cases to this court. The writ was issued and the record of the proceedings in each case has been so certified.

The petition alleges that on February 2, 1959 petitioner entered in the district court of the sixth judicial district two writs of attachment each of which was against a different defendant. The writs, which were based upon book account and the common counts, contained affidavits stating that the actions were founded on contract, express or implied, wherein plaintiff sought to recover a debt or liquidated

demand in money payable by defendants to plaintiff in certain specific amounts therein set out; that there were no setoffs or counterclaims against such accounts; and that in the opinion of the affiant there were no defenses to the actions. The plaintiff also filed with such writs motions for summary judgment for the amounts claimed. The affidavits of no defense and the motions for summary judgment were filed pursuant to the provisions of general laws 1956, §9-7-1.

The petition further alleges that such motions were overruled by the judge of the district court. No appeal was taken by plaintiff to such ruling. Thereafter on March 2, 1959 the cases were heard on the merits and a decision was rendered for the plaintiff in each case for the specific amount claimed. On March 3, 1959 each defendant claimed an appeal to the superior court in accordance with the requirements of §9-12-10 and at the same time filed a written claim for a jury trial pursuant to the provisions of §9-11-7. On the following day plaintiff filed a motion in each case to have the motion for summary judgment placed on the calendar for hearing on March 13, 1959.

The petition also alleges that at such hearing the trial justice granted defendants' oral motion to strike the motions for summary judgment on the ground that the superior court did not have jurisdiction to hear such motions. The jacket entry in each case shows that the motion to strike the motion for summary judgment was granted. No reason for such ruling appears in the record certified to this court other than petitioner's allegation that "the motions to hear the Summary Judgment Motion was struck out on the ground that the Superior Court did not have jurisdiction to hear said motions * * *."

The respondents have not denied the truth of such allegation. In fact in their brief they admit in effect that the trial justice did not give any consideration to the motions for summary judgment or to their affidavits of defense. Therefore we must conclude that the trial justice's ruling was

based on his belief that in the circumstances the superior court lacked jurisdiction to pass on the motions. The petitioner contends that the trial justice erred in such ruling; that the superior court has jurisdiction to hear the motions; that the affidavits of defense in both cases are insufficient; and that the trial justice should have heard and granted the motions for summary judgment as a matter of law.

It is our opinion that the trial justice erred in refusing to hear the motions. But before considering that issue we deem it important to discuss respondents' contention that the writ of certiorari should be quashed. They contend that petitioner has an adequate remedy by way of a bill of exceptions and cite *Rosenthal* v. *Halsband,* 51 R. I. 119, to support such contention.

That case is clearly distinguishable in its facts from the case at bar. There the trial justice passed on the motion for a summary judgment and denied the same. In the instant case the trial justice refused to hear the motions for summary judgment. Moreover the *Rosenthal* case has been overruled by *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R. I. 175, 186, with respect to a plaintiff's right to prosecute a bill of exceptions before a final determination of the case on its merits. In the *Fisher* case the court held that a plaintiff whose motion for summary judgment is denied cannot prosecute a bill of exceptions to such decision before a final determination of the case.

The respondents also cite *Dimond* v. *Marwell,* 57 R. I. 477, to support their contention that the instant writ should be quashed. The principal issue in that case pertained to an order of the district court vacating a summary judgment previously entered for the plaintiff therein. This court quashed the writ of certiorari, which it had previously granted, on the ground that there was nothing in the record before it indicating an abuse of discretion by the district court. The dicta in the *Dimond* case, which stated that the district court's order vacating the judgment therein was

merely interlocutory and that the final decision or judgment of that court might yet be rendered in favor of plaintiff there, does not apply to or control the facts or issue raised in the case at bar.

There is no merit in respondents' contention that the error complained of by petitioner is merely a technical or formal error which has caused no substantial harm to petitioner and that certiorari will not therefore lie. The case of *Parker* v. *Superior Court,* 40 R.I. 214, does not control the facts in this case. The question whether the superior court had jurisdiction to hear such motions is more than a technical or formal question.

As was said in *Fisher* v. *Sun Underwriters Ins. Co., supra,* at page 179, the purpose of the summary judgment act, public laws 1929, chapter 1343, now G. L. 1956, chap. 9-7, is to regulate procedure and not to create a new right in favor of a party plaintiff. But although the act is not an enactment of substantive law it does create new procedural rights to determine more expeditiously whether there is an issue of fact to be tried. In the absence of such issue of fact petitioner would be entitled to a summary judgment if the superior court has jurisdiction to hear and determine such motions in the circumstances herein. In our opinion the question of jurisdiction of the superior court to hear the motions is of sufficient importance to warrant a determination of the issue in this proceeding. There is therefore no merit in respondents' contention that the instant writ should be quashed.

We come now to the question whether, in a case such as this, the superior court has jurisdiction to hear the motions for summary judgment and to pass on the sufficiency of petitioner's affidavits of no defense. It is now well settled that the purpose of the summary judgment law is to prevent unnecessary delay and to further the prompt administration of justice. *Henry W. Cooke Co.* v. *Sheldon,* 53 R. I. 101, 103. As was said in *Fisher* v. *Sun Underwriters Ins. Co., supra,*

at page 179, these statutes were adopted to grant relief against procedural tactics interposed for delay and not to substitute a new method of trial where an issue of fact exists. There is no merit in respondents' contention that petitioner's failure to claim an appeal from the district court's order denying the motions for summary judgment constitutes a waiver of its right to have such motions heard again on appeal in the superior court or that the district court's decision on the motions is final.

Under §9-12-10 an appeal from a decision of the district court to the superior court brings the case to the superior court for a hearing de novo on all questions of law and fact. The petitioner's affidavits of no defense and its motions for summary judgment raised questions of law and fact which were passed upon by the district court and which must be reheard in the superior court, since, as we have already stated, an appeal under §9-12-10 brings the whole case before the superior court for a hearing de novo on all questions of law and fact. There is no language in §9-12-10 from which it can be implied that motions for summary judgments are excluded from the provisions thereof. Nor is there any language in the summary judgment law from which it can reasonably be implied that the legislature intended to exclude such motions from the provisions of §9-12-10. To hold otherwise would defeat the very purpose of the summary judgment law. A plaintiff's right to be heard on a motion for a summary judgment could be barred in every instance by a defendant's appeal from a district court's decision. This clearly was not the intention of the legislature in enacting the summary judgment law.

It is our opinion that the superior court had jurisdiction to hear and determine the motions for summary judgment and that the trial justice erred in refusing to hear such motions. We are of the opinion that justice and orderly procedure will be best served by remitting these cases to the superior court so that the trial justice may hear the

motions and determine the sufficiency of petitioner's affidavits of no defense, and thereafter proceed in accordance with §9-7-3 to determine whether there is an issue fact to be tried and whether the respondents have a defense to the actions.

The petition for certiorari is granted, the record in question is quashed, and the cases certified to this court are ordered sent back to the superior court for further proceedings in accordance with this opinion.

*Ira Marcus,* for petitioner.

*Milton Bernstein,* for respondents.