Lawrence L. **GOLDBERG**

v.

Tammy **WHITEHEAD.**

No. 97–98–Appeal.

Supreme Court of Rhode Island.

May 26, 1998.

George M. Prescott, Lincoln, for Plaintiff.

Christopher L. Russo, Cranston, Robyn K. Factor, for Defendant.

Before LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case came before a panel of this Court on March 17, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in the plaintiff's appeal from a final judgment entered in the Superior Court granting the defendant's motion for summary judgment should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

Lawrence L. Goldberg (Goldberg), an attorney, was retained by Daphne Eade (Eade) to represent her in a claim for unpaid commissions she claimed were due her from American Health and Fitness Center of West Warwick, Inc. (American Health). Goldberg's fee was based on a recovery contingent basis. Goldberg filed suit on behalf of Eade against American Health in the District Court.

Tammy Whitehead (Whitehead) was the president of American Health at all relevant times in question. When Whitehead learned of Eade's action, she contacted Eade by letter in an attempt to resolve the matter. That attempt was unsuccessful, and Whitehead, as a result, filed an answer and counterclaim in the District Court action.

Goldberg, apparently incensed over Whitehead's attempt to settle the pending District Court action, filed a separate action in the District Court against Whitehead in which he sued on his own behalf for malicious interference with a contractual relationship. He

sought for himself compensatory as well as punitive damages from Whitehead.

While Goldberg's personal action against Whitehead was pending in the District Court, he turned his attention back to Eade's case against American Health. Unfortunately for Eade and Goldberg, a wise and learned District Court judge recognized that Eade's claim was made up of more hope than substance, and Eade was only able to recover $81.49 from her lawsuit. Assuming that Goldberg's contingent fee arrangement was at least one-third of that recovery, Goldberg realized for his legal fee the sum of $27.16. Goldberg thereafter turned his attention to the pursuit of his own personal action pending against Whitehead in the District Court on his malicious interference claim against her.

Unfortunately for Goldberg he encountered a second wise and learned District Court judge who recognized that Goldberg's personal action was entirely frivolous because there is nothing in our law that prevents or prohibits parties in a civil action from attempting to settle a lawsuit without actually litigating their dispute. That District Court judge not only dismissed Goldberg's action but in addition ordered him to pay Whitehead's attorneys for having had to waste their time in defending Goldberg's frivolous lawsuit.

Goldberg plodded on and appealed his case dismissal to the Superior Court. Once again Whitehead filed a motion to dismiss Goldberg's claim, but this time her motion was denied. Shortly thereafter, upon the completion of pretrial discovery, Whitehead filed a motion for summary judgment. This time Whitehead's motion for summary judgment was granted. Still undaunted, Goldberg once again appealed, this time to this Supreme Court.

■ Goldberg argues here on appeal that the law-of-the-case doctrine barred the entry of summary judgment after Whitehead's earlier motion to dismiss had been denied. He relies upon *Columbus Ornamental Iron Works, Inc. v. Martin*, 103 R.I. 620, 240 A.2d 405 (1968). *Columbus Ornamental* is clearly inapplicable to the facts present in this case. In *Columbus Ornamental* we dealt with suc-

cessive motions for summary judgment, the last of which was made at a pretrial conference in the absence of plaintiff's attorney and ruled on in chambers by the pretrial conference judge without a record and without any prior notice to plaintiff's counsel that a motion for summary judgment was to be made.

In this case Whitehead's first motion was a Super.R.Civ.P. 12(b) motion to dismiss made before any pretrial discovery had been undertaken. Her second motion was a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, filed after the case record had been supplemented by pretrial discovery. In ruling on the motion for summary judgment, the trial justice was permitted to consider the pleadings and the plaintiff Goldberg's answers to interrogatories as well as Whitehead's deposition, none of which were available at the time that Whitehead's motion to dismiss was denied earlier. Accordingly, *Columbus Ornamental* is of no assistance to Goldberg.

In *Goodman v. Turner*, 512 A.2d 861 (R.I. 1986), we noted that the law-of-the-case doctrine is particularly applicable in cases in which successive motions for summary judgment are concerned, and even then the doctrine is more in the nature of a rule of policy and convenience and "does not apply when the second motion is based on an expanded record," as in this case. *Id.* at 864. We conclude no error on the part of the trial justice in passing upon and granting Whitehead's motion for summary judgment.

■ The case record, Whitehead's depositions, and Goldberg's answers to interrogatories clearly supported the granting of Whitehead's motion for summary judgment. Although Goldberg alleged that Whitehead interfered with his attorney-client relationship with Eade, there was no evidence in the record to support that assertion. Eade continued to prosecute her action notwithstanding Whitehead's correspondence with her and in the end actually prevailed in her action, although she probably did not receive so large an award as Goldberg had envisioned and from which he would receive his contingent fee. Additionally, Rhode Island

has no statute, rule, or case law that prohibits parties to a civil action from contacting each other directly in an attempt to settle their dispute prior to trial. Only attorneys, their agents, and their representatives are prohibited from directly contacting opposing parties who are represented by counsel. Art. V, Rule 4.2 of the Supreme Court Rules of Professional Conduct. Thus, there is nothing as a matter of law that could support Goldberg's claim, and Whitehead did nothing that would support an action against her by Goldberg. As a result summary judgment was proper.

■ Accordingly, we deny and dismiss the plaintiff Goldberg's appeal. In denying and dismissing his appeal, we are of the further opinion that Goldberg's action in initiating this litigation was totally unwarranted and his civil action frivolous. Goldberg's action was not in conformity with Art. V, Rule 3.1, of this Court's Rules of Professional Conduct and was undertaken in violation of Rule 11 of both the District and the Superior Court Rules of Civil Procedure. His frivolous action has served needlessly to waste the valuable time and resources of both the District and the Superior Court as well as this Supreme Court. Such unwarranted conduct by one presumed to be knowledgeable in the law should not be overlooked or condoned by us, and sanctions in the nature of counsel fees are warranted.

We order counsel for Whitehead to furnish to this Court within fifteen days a detailed and verified statement of counsel fees if any that are due from and/or have been paid by Whitehead for defending against plaintiff Goldberg's frivolous action. A copy of that statement shall be furnished at the same time to plaintiff Goldberg and his counsel. They shall respond to the reasonableness of legal charges recited therein within fifteen days after receipt thereof. If Goldberg or his counsel makes objection to the reasonableness of the charges, he shall do so and detail his objection in his response. If there is any objection in regard to the reasonableness of the charges made, a hearing thereon will be scheduled before this panel of this Court. If after hearing thereon we conclude that either the claim for counsel fees or the objection thereto is unwarranted, further sanctions where appropriate may be considered.

For the foregoing reasons, the plaintiff Goldberg's appeal is denied and dismissed, and the judgment appealed from is affirmed. Upon completion of our setting of counsel fees the papers of this case will be remanded to the Superior Court.

WEISBERGER, C.J., and GOLDBERG, J., did not participate.