David B. DANZER, M.D.

v.

**RHODE ISLAND BOARD OF MEDICAL LICENSURE AND DISCIPLINE.**

No. 98–495–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 2000.

Timothy Gallogly, David W. Carroll, Providence, for Plaintiff.

Bruce W. McIntyre, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 7, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The plaintiff, David B. Danzer, M.D. (Danzer), has appealed from an order denying

his motion for summary judgment and granting the cross-motion for summary judgment of the defendant, Rhode Island Board of Medical Licensure and Discipline (board). After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

Danzer was on duty at an area hospital emergency room when the mother of one-month-old Zachary Pierce (Zachary) brought the infant to the facility because of his coughing and vomiting. Zachary was diagnosed as having an upper respiratory infection and was discharged to the care of his mother, with instructions to give him soy formula and Triaminic syrup. Later that day, the mother returned with the infant, reporting that he had not taken fluids since the morning. Danzer examined Zachary, made a diagnosis of "probable viral tracheal bronchitis," and discharged the infant to the care of his mother with instructions to administer the narcotic Novahistine DH in the amount of "1cc" (one cubic centimeter) every six hours. Early the next morning, the infant went into cardiac arrest and died. According to the state medical examiner's report, the mother gave the child two doses of Novahistine before his untimely death. The child's post mortem toxicology report revealed markedly increased levels of blood and urine opiates.

Counsel for the board stated at oral argument that the medical examiner filed a complaint with the board on behalf of Zachary. Pursuant to this complaint, the board formed an investigatory committee that after investigation recommended that the board make a finding of no unprofessional conduct. The board did so, and informed Danzer of this outcome by letter.

Thereafter, a civil action was filed in Superior Court, alleging Danzer's negligence in treating Zachary. Danzer's medical malpractice carrier, in compliance with G.L. 1956 § 5–37–9, as amended by P.L.1987, ch. 522, § 9,[1] filed a written report with the board, setting forth a formal notice of the claim.

As a result of the civil suit, the board formed a second investigatory committee without notifying Danzer. The board consulted a physician from Children's Hospital in Boston, who reviewed Danzer's prescription of the narcotic and concluded that "to a reasonable degree of medical certainty, this physician did not meet acceptable community care professional standards in such a practice." Thereafter, the board ratified the second investigatory committee's recommendation to make a finding of unprofessional conduct. To settle the matter, the board requested that Danzer sign a consent order agreeing to be reprimanded and to pay an administrative fee of $800.[2] The letter stated that Danzer's noncompliance with the reprimand and fee would result in an administrative hearing to determine whether Danzer's license would be suspended, revoked, or whether he would be otherwise disciplined.

Danzer moved to dismiss the charges, contending that the board's initial finding of no unprofessional conduct constituted res judicata. The board refused to dismiss the charges and informed Danzer that it would conduct a full administrative hearing. Danzer then filed this action in Superior Court, in which he named the board as a defendant and sought both to enjoin the board from conducting an administrative hearing and to dismiss the charges of unprofessional conduct levied against him. The board moved to dismiss the case pur-

1. The current statute was amended by P.L. 1998, ch. 449, § 1.

2. Under G.L.1956 § 5–37–6.3 once an accused physician is found guilty of unprofessional conduct, the director of the Rhode Island Department of Health, at the direction of the board, shall impose sanctions that may include a reprimand and imposition of administrative costs.

suant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

After a hearing, the motion justice who was assigned to the motion calendar at that time denied the board's request. Both parties thereafter moved for summary judgment. After argument, a second motion justice granted the board's motion for summary judgment and denied Danzer's motion. Danzer's appeal of both determinations is now before us.

█ On appeal, Danzer argued that the first motion justice's denial of the board's motion to dismiss the case constituted the law of the case, thereby mandating that the second motion justice grant Danzer's motion for summary judgment. This Court has held that the law of the case doctrine bars a second judge from disturbing a ruling on an interlocutory matter made earlier by another judge on the same court on the same question presented in the identical manner. *Richardson v. Smith,* 691 A.2d 543, 546 (R.I.1997). We disagree with Danzer's analysis and note that we also addressed this issue in *Goldberg v. Whitehead,* 713 A.2d 204, 206 (R.I.1998) (per curiam). Under nearly identical procedural facts, we concluded in *Goldberg* that the law of the case doctrine did not bar a second motion justice from granting summary judgment based on an expanded record after the first motion justice previously denied that party's motion to dismiss. *Id.*

█ Danzer next contended that the second motion justice erred in denying Danzer's motion for summary judgment because the first decision of the board, finding no unprofessional conduct, had a res judicata effect that precluded the later reprimand. Danzer relied on *Department of Corrections of the State of Rhode Island v. Tucker,* 657 A.2d 546, 549 (R.I.1995), in which we held that an administrative adjudication may be considered a final determination for purposes of res judicata. In *Tucker,* we ruled that an adjudication by a quasi-judicial administrative tribunal will be conclusive as long as the "tribunal grants to the parties substantially the same rights that they would have if the matter were presented to a court." *Id.* (citing Restatement (Second) *Judgments,* ch. 6, § 83 (1982)). In the case at bar, however, in the board's first investigation, Danzer was neither allowed an opportunity to present argument nor was he afforded an avenue for appeal. In fact, the board never held a hearing, choosing instead to accept the recommendation of its first investigating committee. Thus, it is our conclusion that the board's original finding was not a final adjudication to which res judicata would apply.

█ Danzer went on to argue that the board impermissibly reopened its investigation of his conduct. Although he admitted that a quasi-judicial body has the inherent power and obligation to reconvene for the purpose of considering new evidence, *In re Denisewich,* 643 A.2d 1194, 1198 (R.I.1994), Danzer contended that there was no new evidence to justify the board's reconvening. We disagree. We discern no material difference between the board's conduct here and, for example, the actions of the Attorney General, who may decide initially not to prosecute an individual but thereafter, in the light of new evidence, proceeds to bring formal charges. We believe that the notification by Danzer's medical malpractice carrier that a civil action was filed against him constituted a material and substantial change that warranted the board's reconsideration of the issue. In so holding, we in no way approve of the board's handling of the initial investigation that we believe did not meet the standard that the public is entitled to expect of the board's response to such serious matters as injury and death.

Therefore, Danzer's appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.