Anthony P. DECARLI

v.

Christine M. WEBBER.

No. 99–14 APPEAL.

Supreme Court of Rhode Island.

Nov. 6, 2001.

John D. Lynch, Jr., Warwick, for plaintiff.

Christine M. Webber, for defendant.

Before: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on September 24, 2001, pursuant to an order that directed the parties to appear in order to show cause why the

issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

On June 11, 1993, Anthony P. DeCarli (plaintiff) filed an action on a promissory note against Christine M. Webber (defendant). The plaintiff alleged that defendant had failed to repay $40,000 due February 7, 1990. The plaintiff alleged that defendant failed to pay an additional $65,000 for services rendered. The defendant counterclaimed with one count each of negligence and conversion.

The plaintiff moved for summary judgment, which was granted on May 10, 1995. Because the counterclaims were still pending, no judgment was entered pursuant to Rule 58 of the Superior Court Rules of Civil Procedure and no party moved for entry of judgment under Rule 54(b) of the Supreme Court Rules of Civil Procedure. Nevertheless, despite the absence of a final judgment, an execution was issued. It was returned unsatisfied.

Once the absence of entry of judgment was discovered some three years later, the court granted a motion to enter a Rule 54(b) judgment, *nunc pro tunc*, effective May 10, 1995. After a hearing on defendant's remaining counterclaims, a final judgment was entered for plaintiff.

The defendant filed a timely notice of appeal from that judgment on September 14, 1998.[1] The defendant has two

1. In addition to the granting of plaintiff's May 10, 1995 motion for summary judgment, defendant challenges on appeal the following: execution issued June 26, 1995; citation issued December 6, 1995; order on April 11, 1996, to make payments on mortgage to Registry of the Court; order on May 6, 1996, enjoining defendant from selling, transferring

basic complaints on appeal. First, she attacks the validity of all actions taken by the Superior Court from the date of the summary judgment to the date of the *nunc pro tunc* judgment, arguing that since there was no entry of judgment at the time the court granted summary judgment, none of the subsequent actions of the trial court were valid. "It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis." *M & B Realty, Inc. v. Duval*, 767 A.2d 60, 63 (R.I.2001) (citing *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996)). "In conducting such a review, we are bound by the same rules and standards as those employed by the trial justice." *Id.* (citing *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)). Finally, "a party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleading or on conclusions or legal opinions." *Id.* (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996)). "Rather, by affidavits or otherwise [the opposing party has] an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40, 46 (R.I.2001) (quoting *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998)).

▪ It is well settled that "we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998) (quoting *Rotelli*, 686 A.2d at 93). Here, defendant claims that the *nunc pro tunc* order allowing a Rule 54(b) judgment to enter retroactively to May 10, 1995, was inappropriate vis-à-vis the motion justice's grant of summary judgment. Therefore, she seeks to invalidate all subsequent acts and orders of the court that were in furtherance of a judgment that had not yet entered. The power to grant a *nunc pro tunc* order of this kind, however, is an inherent power whereby the trial court may, on motion or *sua sponte*, correct or amend the record in a civil case "where the record contains an incorrect entry or fails to record a substantial occurrence in the proceeding." 20 Am.Jur.2d *Courts* § 29 (2000).

▪ Here, defendant has provided no evidence that the original grant of summary judgment was inappropriate, and upon careful review of the record we conclude that there was no genuine issue of material fact with respect to defendant's liability for repayment of the promissory note or for the other services rendered to her, and that plaintiff was entitled to the entry of a judgment in his favor. Thus, we affirm the trial justice's grant of summary judgment. Furthermore, defendant suffered no prejudice because of the court's failure to enter a Rule 54(b) judgment following the granting of the summary judgment motion. In light of the *nunc pro tunc* order entering such a judgment after the court had granted the summary judgment motion, all the actions taken after the court granted summary judgment were completely consistent with enforcement of such a judgment. Because the

---

or diminishing value on mortgage; order on October 25, 1996, releasing funds held in Registry of the Court to plaintiff; order on April 28, 1997, granting entry of judgment *nunc pro tunc*; judgment on June 18, 1997; order on August 28, 1998, dismissing defendant's counterclaims.

*nunc pro tunc* order was within the power of the court to grant and because the summary judgment was valid, plaintiff was entitled to proceed to enforce that judgment against defendant. Accordingly, we affirm the *nunc pro tunc* order and all of the challenged actions that occurred after the grant of summary judgment.

The defendant's second complaint on appeal is that the trial justice erred by dismissing defendant's counterclaims for lack of prosecution. This Court reviews a trial justice's dismissal of counterclaims for lack of prosecution pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure for abuse of discretion. *Harvey v. Town of Tiverton,* 764 A.2d 141, 143 (R.I.2001). Specifically, this Court determines whether the findings are supported by the evidence or whether the trial justice " 'misconceived or overlooked any material evidence.' " *Id.* (quoting *Finney Outdoor Advertising Co. v. Cordeiro,* 485 A.2d 910, 911 (R.I.1984)). "In considering a motion to dismiss for failure to prosecute, the court is 'required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits.' " *Id.* (quoting *Hyszko v. Barbour,* 448 A.2d 723, 726 (R.I. 1982)). In its consideration of the equities of the case, the trial justice "need not view the evidence in a light most favorable to the plaintiffs." *Id.* (citing *J.K. Social Club v. J.K. Realty Corp.,* 448 A.2d 130, 133 (R.I.1982)). Finally, "[m]ere delay is not enough to warrant dismissal for lack of prosecution." *Id.* (citing *Scittarelli v. Providence Gas Co.,* 415 A.2d 1040, 1042 n. 1 (R.I.1980)).

The defendant's counsel has explained the failure to go forward with the case was a tactical decision to wait for the outcome of a pending criminal matter involving defendant. The trial justice then determined that:

> "[W]hatever the strategy is or tactical decision of [defendant's] counsel, [defendant] has let this matter languish for more than five years, has not pressed it. Every day of the week people who have matters pending in the Superior Court, but who also have convictions on their records, continue to take their chances, so to speak, and to go forward. Even in [defendant's] case she could have done something relative to discovery or indeed opposing the summary judgment or press for summary judgment on her own behalf where her credibility would in no way be at issue at this juncture of the proceedings."

Thus, the defendant had five years to pursue her counterclaims, but instead chose to take no action. It cannot be said that the trial abused his discretion.

Accordingly, the defendant's appeal is denied and dismissed and we affirm the judgments and orders of the Superior Court.