### David OBERLANDER

### v.

### GENERAL MOTORS CORPORATION.

**No. 2001–109–Appeal.**

Supreme Court of Rhode Island.

May 31, 2002.

Damon D'Ambrosio, Pawtucket, for Plaintiff.

Peter E. Garvey, Providence, Lisa A. Kelly, Pawtucket, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, David Oberlander (plaintiff), appeals from the entry of summary judgment in favor of the defendant, General Motors Corporation (defendant), disposing of plaintiff's claim of breach of warranty on the sale of an allegedly defective pickup truck. This case came before the Court for oral argument on May 6, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

In April 1990, plaintiff purchased a 1990 Chevrolet K–1500 pickup truck (truck) from Norwood Chevrolet Company for $12,920.[1] The plaintiff stated that the salesperson was made aware that plaintiff intended to use the truck to drive to and from his employment, and to "various social activities." According to plaintiff, shortly after he began driving the truck, the engine began making a loud "high pitched whistle," which plaintiff described as "piercing" and "screeching." The plaintiff further alleged that the noise was "hurtful to the ears and * * * potentially unsafe when it occurred without warning in the middle of street operation." The plaintiff took the truck to "numerous" mechanics, none of whom could identify or repair the problem.

In July 1997, plaintiff filed a complaint in the District Court against defendant and Norwood Motors Group, Inc., alleging breach of an express three-year "bumper to bumper" warranty, the implied warranty of merchantability and an implied warranty of fitness for a particular purpose. In October 1997, a District Court judge dismissed the claim against Norwood Motors Group, Inc., because it was not the proper party in interest. The defendant then filed a motion for summary judgment, arguing that plaintiff had failed to prove that the vehicle was defective or in a defective condition when it left defendant's control and that plaintiff never gave defendant

---

1. Norwood Chevrolet Company is not a party to this action because plaintiff did not name that corporation as a defendant. Thomas Ricci, president of Norwood Motors Group, Inc., stated in an affidavit that Norwood Motors Group, Inc., did not exist in 1990 and that plaintiff, in fact, purchased his truck from Norwood Chevrolet Company.

an opportunity to cure the defect. The District Court judge denied defendant's motion and the case proceeded to trial. On April 28, 2000, judgment was entered for defendant.

The plaintiff immediately appealed to the Superior Court, pursuant to Rule 73 of the District Court Civil Rules. In September 2000, defendant filed a motion for summary judgment, submitting a brief nearly identical to the one that was presented in the District Court. A hearing was held on November 14, 2000. Because the trial justice determined that plaintiff could not prove his case without expert testimony of diminished value, she gave him approximately one month to secure an expert opinion before ruling on the motion. The trial justice specified that she was granting a continuance "to give the plaintiff an opportunity to * * * show there's a genuine issue as to a material fact as to whether the vehicle was defective, and as to what damages, if any, he sustained as a result of the defect."

The hearing reconvened in January 2001, but, plaintiff failed to bring in an expert. Consequently, the trial justice entered final judgment.[2] The plaintiff filed a timely appeal.

The plaintiff argues that the trial justice erred by granting summary judgment in favor of defendant because the law of the case doctrine precluded the Superior Court trial justice from ruling on the same motion as the District Court judge.

■ "[T]he law of the case doctrine bars a second judge from disturbing a ruling on an interlocutory matter made earlier by another judge on the same court on the same question presented in the identical manner." *Danzer v. Rhode Island Board of Medical Licensure and Discipline*, 745 A.2d 733, 735 (R.I.2000). Moreover, G.L. 1956 § 9–12–10 states that "all questions of law and fact" may be removed for trial *de novo* in the Superior Court. *See What Cheer Aluminum Window Co. v. Marc-Sterling Realty Corp.*, 89 R.I. 367, 372, 153 A.2d 133, 136 (1959).

■ The law of the case doctrine is inapplicable here because while the doctrine requires that the matter be heard in the same court, it is clear that defendant's summary judgment motion was heard in two different courts, namely the District Court and the Superior Court. Therefore, the Superior Court trial justice was required to make an independent, *de novo* ruling on the motion.

The plaintiff also argues that the trial justice erred by making an actual determination of the issues, rather than simply deciding if genuine issues of material fact existed. Furthermore, plaintiff argues that there was a genuine issue of material fact about whether the truck was defective, and thus summary judgment was improper.

■ This Court reviews the granting of a summary judgment motion *de novo*. *See DeCarli v. Webber*, 784 A.2d 288, 290 (R.I.2001). "In conducting such a review, we are bound by the same rules and standards as those employed by the trial justice." *Id.* (quoting *M & B Realty, Inc. v. Duval*, 767 A.2d 60, 63 (R.I.2001)). Finally, "a party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleading or on conclusions or legal opinions." *Id.* "Rather, by affidavits or

**2.** Although the trial justice mistakenly refers to the judgment as pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, it is clear from the record and judgment that it is a final one.

otherwise [the opposing party has] an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Id.* (quoting *Providence Journal Co. v. Convention Center Authority,* 774 A.2d 40, 46 (R.I.2001)).

We previously have stated that "[i]n order to establish liability for breach of the implied warranty of merchantability, plaintiff must 'prove that the product is defective, that it was in a defective condition at the time it left the hands of the seller, and that said defect is the proximate cause of the injury.'" *Lariviere v. Dayton Safety Ladder Co.,* 525 A.2d 892, 896 (R.I.1987) (quoting *Plouffe v. The Goodyear Tire & Rubber Co.,* 118 R.I. 288, 294, 373 A.2d 492, 495 (1977)). Moreover, the implied warranty of fitness for a particular purpose requires that "the seller [have] reason to know the buyer's particular purpose and that the buyer is relying on the seller's skill or judgment to furnish appropriate goods and the buyer relies on the seller's skill or judgment." *Id.* at 897 (citing *Keenan v. Cherry & Webb,* 47 R.I. 125, 128, 131 A. 309, 311 (1925)). We have previously stated that to prove breach of express and implied warranties, a plaintiff must prove that a defect attributable to the defendant was the proximate cause of the plaintiff's injury. *See Simmons v. Lincoln Electric Co.,* 696 A.2d 273, 274–75 (R.I.1997).

In the instant case, the plaintiff did not present any evidence that the truck was defective at the time he bought it. Moreover, he did not present any evidence that the defect was attributed to the defendant. Finally, the plaintiff did not present any evidence of the diminished value of the truck. Although the plaintiff, in his interrogatories, asserts that the engine noise "compromised the peaceful and safe operation of the vehicle," he failed to provide any evidence of damages. The plaintiff, instead, relied primarily upon allegations made in his complaint that because he noticed the engine noise within one week of buying the truck, it must have been defective when it left the defendant's hands. The plaintiff has failed to meet his burden of setting forth specific facts to show that there is a genuine issue of material fact.

Accordingly, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case are remanded to the Superior Court.