Michael WALKER

v.

Urbano PRIGNANO, Jr.

No. 2003–631–Appeal.

Supreme Court of Rhode Island.

June 16, 2004.

John H. Bruno, II, Esq., Providence, for Plaintiff.

Paul S. Cantor, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The plaintiff, Michael Walker, appeals from the entry of summary judgment in favor of the defendant, Urbano Prignano, Jr. This case came before the Court for oral argument, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons stated below, we affirm the motion justice's granting of summary judgment.

The following facts are undisputed. On August 23, 1999, plaintiff, a Providence police officer, received a radio call to respond to defendant's home after a security alarm had been triggered.[1] The plaintiff checked the premises and assured himself that the house and yard were secure. While returning to his cruiser, he heard the sound of brakes screeching and then an impact. He looked into the street at the direction of the sounds and observed the aftermath of a serious accident involving a motor vehicle and a bicycle. Now responding to the accident, plaintiff grabbed the portable radio strapped to his uniform and called for backup while running down a stone stairway leading from defendant's house to the sidewalk. When planting his left foot on one of the steps, he felt a sharp pain in his left ankle, causing him to fall forward. His left ankle was seriously fractured.

On August 15, 2002, plaintiff filed suit, alleging that defendant was negligent in failing to properly maintain his property. Specifically, plaintiff alleges that although he did not trip on the stairway, the uneven dimensions of the steps and the lack of a handrail caused his injuries. On September 2, 2003, defendant filed a motion for summary judgment, arguing that the public-safety officer's rule barred plaintiff's claim. At a hearing on October 21, 2003, the motion justice agreed and granted summary judgment. A notice of appeal was timely filed.

On appeal, plaintiff argues that the public-safety officer's rule does not apply and, therefore, defendant is not entitled to summary judgment. We disagree.

The public-safety officer's rule bars police officers and firefighters from bringing tort actions against property owners for injuries suffered "while confronting a crisis created by a defendant's ordinary negligence and only when [the officer] is injured by a risk typically associated with responding to that crisis." *Labrie v. Pace Membership Warehouse, Inc.*, 678 A.2d 867, 869 (R.I.1996) (citing *Aetna Casualty & Surety Co. v. Vierra*, 619 A.2d 436, 439 (R.I.1993)).[2] A defendant seeking to in-

1. Coincidentally, defendant is the former Providence chief of police.

2. We have previously identified two rationales supporting this rule. First, under the doctrine of primary assumption of the risk, police officers, as a matter of law, assume those risks that are known or reasonably can be anticipated to occur in the dangerous situations they are required to encounter. *Day v. Caslowitz*, 713 A.2d 758, 760 (R.I.1998). Second, it would be unfair to allow public-safety officers, whom the public compensates for

voke the protection of this rule must demonstrate the following:

"(1) the officer was injured in the course of performing tasks relating to his or her employment, (2) the risk of injury was one that the officer could reasonably anticipate would arise in the dangerous situations that the officer's employment typically required him or her to encounter, and (3) the alleged tortfeasor was the individual responsible for bringing the officer to the scene of a potential crime, fire, or other emergency where the injury then occurs." *Martellucci v. F.D.I.C.*, 748 A.2d 829, 830 (R.I.2000) (per curiam) (quoting *Day v. Caslowitz*, 713 A.2d 758, 760 (R.I.1998)).

In the present matter, plaintiff officer does not dispute that he was injured while on duty. However, he argues that the second and third parts of the test have not been satisfied. With respect to the second part, plaintiff contends that once he completed his inspection of defendant's property he could not reasonably have anticipated that he would encounter a negligently maintained stairway while reacting to a separate emergency off the premises. Once the need for his services with respect to defendant's property had ended, plaintiff submits, the rule no longer should apply to protect defendant.

 The public-safety officer's rule "only seeks to eliminate the injustice which arises when an officer sues the individual whose conduct gave rise to the very need for his or her services." *Vierra*, 619 A.2d at 440 (citing *Mignone v. Fieldcrest Mills*, 556 A.2d 35, 39 (R.I.1989)); *see also Day*, 713 A.2d at 760 (the rule "bar[s] a public-safety officer's lawsuit only when he or she is attempting to recover for the alleged negligence of a person who needed the

officer's emergency services in the first place"). The triggering of a home security alarm is a situation requiring an officer's intervention at the scene. *See Day*, 713 A.2d at 762 (plaintiff officer's "employment responsibilities compelled him" to traverse snow and ice while investigating why a security alarm had activated). In the context of the public-safety officer's rule, plaintiff's injury was the result of a risk incidental to the emergency created when defendant's security alarm sounded and a foreseeable consequence of his duty on the property.

That the reason for plaintiff's injury is arguably somewhat attenuated from his initial purpose does not negate the fact that he was injured on defendant's property after responding to an emergency there. In *Krajewski v. Bourque*, 782 A.2d 650 (R.I.2001) (per curiam), the plaintiff officer had completed his investigation at defendant's home and was returning to his cruiser when he slipped on ice that had formed on the driveway. Although this Court did not comment on the timing of plaintiff's resulting injuries, we held that the factors necessary to invoke the protection of the rule had been satisfied. *Id.* at 652. Similarly here, although plaintiff was returning to his cruiser, he was injured while still on defendant's property. Thus, we are led to conclude that plaintiff's return to his cruiser after securing the premises does not preclude the rule's application.

The plaintiff also argues that he should be allowed to pursue his claim against defendant because the third part of the test has not been met. Noting that he was running down the steps to respond to the motor vehicle accident, and not running as

confronting crises, to recover for the negligence that created the need for their employ-

ment in the first place. *Id.*

a result of defendant's alarm, plaintiff contends that the requisite nexus between defendant and the actual event that caused his injury is lacking.

The plaintiff's attempt to skirt the rule's application by bifurcating his responsibilities while on defendant's property is unique, but meritless. The plaintiff responded to defendant's residence to investigate a potentially dangerous situation. Notwithstanding the fact that defendant's premises ultimately were secured, plaintiff investigated defendant's home for *potential* criminal activity, which is all the third part of the test requires. Although nothing in the record suggests that defendant himself called plaintiff to the property, defendant was responsible for plaintiff's presence because it was his alarm that was ringing. *See Krajewski*, 782 A.2d at 652 (holding nexus existed sufficient to satisfy third part of rule when defendant's ownership of motor vehicle involved in an investigated incident was the impetus for officer's arrival on the premises, even though defendant did not summon officer); *see also Martellucci*, 748 A.2d at 832 (applying rule to bar claim when a tenant, rather than the owner, had installed the alarm that brought the officer to the premises).

Moreover, "the circumstances surrounding an entrant's presence on the premises are still relevant to the analysis of whether defendant expected an entrant to be on the premises and, thus, whether defendant/property owner had the time to exercise reasonable care for the entrant's safety in light of that expectation." *Labrie*, 678 A.2d at 869 (citing *Mariorenzi v. Joseph DiPonte, Inc.*, 114 R.I. 294, 307, 333 A.2d 127, 133 (1975)). Thus, "a sudden and unforeseeable need for emergency public-safety services, coupled with the inability of property owners and occupiers to control the actions of the responding officers after they enter upon the premises

were factors that militated in favor of the rule's application in such situations." *Day*, 713 A.2d at 761 (citing *Labrie*, 678 A.2d at 871). Public-safety officers cannot reasonably expect property owners to exercise reasonable care for their safety while they perform their duties in emergency situations. *Labrie*, 678 A.2d at 871.

In the present matter, plaintiff's official responsibilities compelled him to assume the risk of running down the stairway on defendant's property. The exigent circumstances involved here are distinguished from non-emergency situations that otherwise might fall outside the purview of the rule's application. *See Labrie*, 678 A.2d at 869 (public-safety officer's rule did not apply to bar suit by a fire department superintendent injured during a routine inspection of a newly installed fire alarm and sprinkler system). Nothing in the record indicates to us that defendant anticipated plaintiff's presence on his property. The defendant neither had the opportunity to undertake reasonable care of his property to prepare for plaintiff's unexpected investigation nor did he exercise any control over plaintiff's actions once there. Although plaintiff was on his way to a second emergency, his suit against defendant is an "attempt[] to recover for the alleged negligence of a person who needed the officer's emergency services in the first place."

We have recognized that the rule "is an *exception* to the generally applicable duty of [property] owners to use reasonable care for the safety of all persons reasonably expected to come onto the premises." *Labrie*, 678 A.2d at 868. Therefore, we have adopted a narrow view of the rule's scope. We decline, however, plaintiff's invitation to carve out an "on the way out" exception for those cases in which the emergency situation on the property has ended and the officer is injured while exit-

ing the property in response to a new and distinct emergent situation.

It is not uncommon, and well within the realm of foreseeability, that a public-safety officer will be called upon to respond to an emergency at any time, particularly in an urban area such as Providence. In this case, plaintiff heard and observed a motor vehicle accident. He just as easily might have received a call on his portable radio. The underlying rationale for the rule is no less applicable when the officer, as here, is injured while running down a flight of steps in response to a second emergency than it was in *Krajewski*, when the officer slipped on ice while walking off the subject property. In both situations, the officer's presence on the property was unexpected, and the property owner had no ability to control the officer's actions on the premises. Thus, neither public-safety officers "nor the public they serve can reasonably expect property owners to exercise reasonable care for the safety of a professional rescuer in such a situation." *Labrie*, 678 A.2d at 871. In the circumstances of this case, therefore, we hold that the public-safety officer's rule applies and bars plaintiff's suit against defendant.

We review the granting of a summary judgment motion on a *de novo* basis, applying the same criteria used by the trial justice. *Oberlander v. General Motors Corp.*, 798 A.2d 376, 378 (R.I.2002) (per curiam) (citing *DeCarli v. Webber*, 784 A.2d 288, 290 (R.I.2001)). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *George v. Fadiani*, 772 A.2d 1065, 1067 (R.I.2001) (per curiam) (quoting *Kiley v. Patterson*, 763 A.2d 583, 585 (R.I. 2000)). Viewing the evidence here in the light most favorable to the plaintiff, we hold that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law.

Accordingly, we affirm the judgment of the motion justice. The record shall be remanded to the Superior Court.

Justice FLAHERTY did not participate.